UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | |
|---|---|
| JIMMY HARRIS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BEST BUY WAREHOUSING )<br>LOGISTICS, INC., )<br>)<br>Defendant. ) | No. 3:14-CV-00151-DHB-BKE |

**STIPULATED PROTECTIVE ORDER**

Plaintiff JIMMY HARRIS and Defendant BEST BUY WAREHOUSING LOGISTICS, INC. ("Best Buy"), having consented through their respective counsel for the entry of this Stipulated Protective Order, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, in order to protect the confidentiality of certain information and to facilitate discovery, IT IS HEREBY ORDERED THAT:

1. This Stipulated Protective Order shall remain in effect for the duration of this action, unless otherwise ordered by the Court or agreed by the parties.

2. The purpose of this Stipulated Protective Order is to protect against the unnecessary disclosure of confidential information. Information and documents protected by this Stipulated Protective Order shall include:

   a. All information and documents produced by Best Buy in this action that refer to, reflect upon, or relate to: (i) any current or former employee of Best Buy other than Plaintiff, including, but not limited to, documents contained in such employees' personnel and medical files and Best Buy's Human Resources

Department files; or (ii) trade secrets or other confidential proprietary technical, business, or financial information which is not generally known to the public;

b.  Any other commercially sensitive information and documents that are not readily available to the public through legitimate origins or testimony that are in good faith designated as "Confidential";

c.  Plaintiff's medical file and any other medical information pertaining to Plaintiff; and

d.  Any other documents or testimony that a party in good faith designates as "confidential."

The information and documents protected by this Stipulated Protective Order shall be referred to as "Confidential Materials." The restrictions contained herein regarding disclosure of Confidential Materials also apply with equal force to any copies, excerpts, analyses, or summaries of such materials or the information contained therein, as well as to any pleadings, memoranda, briefs, exhibits, transcripts, or other documents that may be prepared in connection with this action that contain or refer to the Confidential Materials or information contained therein.

3.  "Disclosure" or "to disclose" shall mean to divulge, reveal, describe, summarize, paraphrase, quote, transmit, or otherwise provide or communicate to any person or entity the Confidential Materials, whether pursuant to request, interrogatory, process, or otherwise, and whether in accordance with the Federal Rules of Civil Procedure or otherwise.

4.  Confidential Materials shall be used solely for the purpose of this action, shall not be used for any other business, competitive or other purpose, and shall not be disclosed to any other person or entity other than:

a. The parties in this action;

b. In-house and outside counsel for the parties in this action, including paralegals, administrative assistants, and other employees of such counsel to the extent necessary to render professional services in this action;

c. The Court and persons employed by the Court working on this action;

d. Court reporters at the proceedings in this action;

e. Experts or consultants retained or consulted by the parties in connection with this action, but only as set out in Paragraph 5 below; and

f. Deponents, trial witnesses, and potential witnesses in connection with this action, but only as set out in Paragraph 5 below.

5. Prior to making the disclosure of any Confidential Materials, pursuant to subsections e. and f. of Paragraph 4, counsel making such disclosure shall inform any person to whom disclosure is being made that the information or documents to be disclosed, or any portions thereof, may be used only for the purposes set forth in this Stipulated Protective Order. In addition, such persons shall state their consent in writing (in the form of an Acknowledgment attached hereto as Exhibit "A") to be bound by the terms of this Stipulated Protective Order. The signed Acknowledgment forms will be mailed by counsel to opposing counsel immediately upon execution.

6. In the event that any Confidential Materials are referred to or used in the deposition of any person initiated by any party, the parties' counsel shall have the option, during the deposition or within fourteen (14) days after the deposition, to require the reporter to prepare the transcript and exhibits as "Confidential." Such transcripts, exhibits, and the information contained therein shall remain protected under this Stipulated Protective Order regardless of

whether the parties' counsel exercises the option provided by this paragraph. Moreover, the parties may, at the deposition or within fourteen (14) days after receiving a copy of the deposition transcripts, designate deposition testimony or portions thereof as "Confidential."

7. This Stipulated Protective Order does not limit the right of any party to object to the scope of discovery or to any particular discovery request in this action.

8. Upon request by the producing party, within thirty (30) days of the conclusion of this action as to all parties, Confidential Materials produced by the producing party, as well as all copies, excerpts, or summaries thereof, shall be returned to the producing party. In the event counsel possesses attorney work product containing or referring to Confidential Materials, such attorney work product shall remain subject to the restrictions set forth in Paragraph 4 above or in the alternative may be destroyed.

9. Nothing in this Stipulated Protective Order shall prevent a party from any use of its own Confidential Materials. Moreover, nothing in this Stipulated Protective Order shall limit the right of the parties to use Confidential Materials for purposes of this action, including in any pleadings, memoranda, briefs, exhibits, or other documents that may be prepared in connection with this action. In the event Confidential Materials are included in any paper filed with the Court, such paper shall be filed under seal, redacted or as otherwise agreed to by the parties, or as otherwise ordered by the Court. Prior to filing any confidential documents under seal, the filing party shall seek leave from the Court to file such documents under seal for good cause shown.

10. The inadvertent or unintentional disclosure of any Confidential Materials shall not be construed to be a waiver, in whole or part, of any party's claim of confidentiality, either as to the specific Confidential Material disclosed or as to other related information.

11. Any party may apply to the Court for relief from this Stipulated Protective Order. The party seeking relief from this Stipulated Protective Order shall specify which information designated as "Confidential" by the opposing party it wishes to disclose outside the confines of this action and the purpose for which and the manner in which it seeks to disclose the information. No party shall disclose any information designated as "Confidential" by an opposing party without the written consent of the opposing party or the express permission of the Court.

12. Before seeking relief from the Court due to an alleged violation of this Stipulated Protective Order, the party seeking relief will attempt to resolve the matter by agreement with the other party.

13. The terms of this Stipulated Protective Order are subject to modification, extension, or limitation as may be hereinafter agreed to by all parties, or by order of the Court.

14. The Court retains the right to allow disclosure of any subject covered by this Stipulated Protective Order or to modify this Stipulated Protective Order at any time in the interest of justice.

15. Any violation of the terms of this Stipulated Protective Order may, in the discretion of the Court, be found to constitute contempt and may result in sanctions to be fixed by the Court in its discretion.

STIPULATED AND ACCEPTED:

| | |
|---|---|
| JIMMY HARRIS | BEST BUY WAREHOUSING LOGISTICS, INC. |

By s/ *Jamie G. Miller*
   Jamie G. Miller
   Georgia Bar No. 507159
   jmiller@esww-law.com
   EVANS, SCHOLZ, WILLIAMS
   & WARNCKE, LLC
   3490 Piedmont Road NE
   Suite 1200 One Securities Centre
   Atlanta, Georgia 30305
   Telephone: (404) 841-9499
   Facsimile: (404) 869-0238

By s/ *Erin McPhail Wetty*
   Erin McPhail Wetty
   Georgia Bar No. 165259
   ewetty@seyfarth.com
   SEYFARTH SHAW LLP
   1075 Peachtree Street, N.E.
   Suite 2500
   Atlanta, Georgia 30309-3962
   Telephone: (404) 885-1500
   Facsimile: (404) 892-7056

   Lynn Kappelman* (*admitted *pro hac vice*)
   Massachusetts Bar No. 642017
   lkappelman@seyfarth.com
   SEYFARTH SHAW LLP
   2 Seaport Lane
   Suite 300
   Boston, Massachusetts 02210
   Telephone: (617) 946-4800
   Facsimile: (617) 790-5360

Date Submitted: June 18, 2015

SO ORDERED this 19th day of June, 2015, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA
DUBLIN DIVISION

| | | |
|---|---|---|
| JIMMY HARRIS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:14-CV-00151-DHB-BKE |
| | ) | |
| BEST BUY WAREHOUSING | ) | |
| LOGISTICS, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**ACKNOWLEDGMENT**

I, _____, hereby acknowledge that I have read the Stipulated Protective Order entered by the Court on _____, 2015 in connection with the above-captioned action and am familiar with its terms.

The undersigned further acknowledges that he/she fully understands the provisions of the Stipulated Protective Order, agrees to be bound by those provisions, and has been apprised of the possible penalties attendant upon a violation of any of those provisions, including but not limited to being held in contempt.

This ____ day of _____, 2015.

_____